**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

PAMELA GREEN,

                Plaintiff,

      v.

AMERICAN MODERN HOME
INSURANCE COMPANY,

             Defendant.

Case No. 4:14-cv-04074-SOH

Judge Susan O. Hickey

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL**
**INFORMATION**

Before the Court is the parties' Joint Motion for Entry of Stipulated Protective Order. (ECF No. 26). Upon consideration, the Court finds that the motion should be and hereby is **GRANTED**. Pursuant to Fed. R. Civ. P. 26, it is hereby ORDERED that:

1.      All documents, information and other materials designated as "Confidential" and produced or exchanged in the course of this litigation by any party or third-party shall be used or disclosed only in accordance with the terms of this Stipulated Protective Order ("Order").

2.      "Confidential Information," as used herein, means any information of any type, kind, or character that is designated as "Confidential" by any party or third-party, whether it be a document (in any form), information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise, including, but not limited to, information pertaining to any type of business operations, of the Defendant or of its affiliates, information about claims submitted by insureds of Defendant, and any other

confidential or proprietary information concerning Defendant.

## DESIGNATION OF CONFIDENTIAL INFORMATION

3.    Documents, information and other materials produced in this litigation may be designated by any party, or by any third-party producing the documents, information or other materials in this litigation, as "Confidential" by marking each page of the documents so designated with a stamp or label stating that it is "Confidential," or otherwise labeling the information or other materials as "Confidential" at the time of production. Where feasible, any electronic media containing Confidential Information shall likewise be marked with a stamp or label stating that it is "Confidential."

4.    In designating information as "Confidential," the party or third-party will make such designation only as to that information which it, in good faith, believes contains Confidential Information which is not known or freely obtainable by the general public and which is regarded by that party or third-party as a trade secret, confidential, or proprietary, of or to the disclosing party, including personal information of individuals or insureds, research, any proprietary business information, policyholder and claims-handling information, as well as any development or commercial information.

5.    The term "Confidential" does not apply to any documents, information or other materials to the extent that they have been previously disclosed publicly or are otherwise available to the public from any source, provided such prior disclosure or public availability is not the result of wrongful or improper conduct, or in violation of a duty not to disclose.  Any party asserting that a document or information is not "Confidential" as a result of circumstances discussed in the preceding sentence must follow the procedures for contesting such a designation set forth in paragraph 19 below.  In agreeing that parties and third-parties may designate material as "Confidential," the parties do not endorse the propriety of any such designation and reserve all

rights to challenge any such designation in accordance with paragraph 19 below.

6.      Information disclosed at the deposition of any party or third-party, or of one of its present or former officers, directors, employees, agents or independent experts retained for the purpose of this litigation, may be designated by any party, or by any third-party being deposed, as "Confidential" by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

7.      Any party, or any third-party who is being deposed, may also designate information disclosed at such deposition as "Confidential" by notifying all of the parties in writing within thirty (30) days after receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "Confidential." Each party or third-party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.

8.      All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript, except that this provision shall not prevent a deponent from reviewing his or her deposition for purposes of review and signing and/or correcting the transcript. All depositions involving information designated as "Confidential" shall be attended only by the court reporter, the witness, their counsel, and appropriate Qualified Persons as defined below in paragraph 10.

9.      To the extent possible, the court reporter shall mark transcripts as "Confidential" when so designated.

### ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

10.      Confidential Information may only be disclosed to the following individuals ("Qualified Persons"):

(a)    Counsel for any party, and employees of such counsel, to whom it is necessary that the Confidential Information be shown for purposes of this litigation;

(b)    Actual or potential independent experts or consultants who have signed a document in the form of Exhibit A attached herein;

(c)    Parties or party representatives (corporate officers, or employees for a corporate party);

(d)    Court personnel, including stenographic reporters, video reporters and/or translators engaged in such proceedings as are necessarily incident to this litigation, as well as personnel of any other court where disclosure is necessary in connection with a motion or other matter relating to this litigation;

(e)    Other witnesses and their counsel during the course of a deposition, hearing, or trial pursuant to paragraphs 6-8 above; and

(f)    Any other person designated as a Qualified Person by Order of this Court, after notice and an opportunity to be heard is provided to all parties.

11.    Any Confidential Information produced or otherwise made available in this litigation shall be used for the purposes of this litigation only and for no other business, competitive, personal, private, public, or other purpose, and shall not without leave of this Court be disclosed other than as authorized by this Order.  Prohibited use of Confidential Information includes, but is not limited to, contact with the media, and public comment or discussion of any kind.

## PREVIOUSLY PRODUCED CONFIDENTIAL INFORMATION

12.    Documents, information, and other materials previously produced in this litigation

may be retroactively designated "Confidential" by written notice within thirty (30) days of the entry of this order.   The written notice shall identify by Bates number the documents, information and other materials being designated as "Confidential."

### INADVERTENT FAILURE TO MAKE "CONFIDENTIAL" DESIGNATION

13.     Documents, information, and other materials inadvertently produced without a designation as "Confidential" at any time during this litigation may be retroactively designated in the same manner as paragraph 12 above and shall be treated as Confidential Information from the date on which the notice of the designation is provided.   Any party or third-party retroactively designating documents previously produced as "Confidential" has the right at its discretion to provide a replacement production set with the same Bates numbers as the original, but with the "Confidential" designation appearing on the document(s) pursuant to paragraph 3 of this Order.  Upon receipt of the replacement production set, each party receiving the replacement production set shall within fourteen (14) days return the original production that bears the applicable Bates numbers.

### USE OF CONFIDENTIAL INFORMATION DURING HEARINGS OR TRIAL

14.     Nothing herein shall prevent any counsel of record from using Confidential Information during any hearings conducted in this litigation, or at trial in this litigation. Any counsel disclosing Confidential Information during any hearing or trial shall have a good-faith basis for making the disclosure. In the event any Confidential Information is shown to a witness or otherwise disclosed during a hearing or at trial, it shall not lose the protections set forth in this Order. Counsel for each party shall disclose such Confidential Information in a manner that will protect the Confidential Information from further disclosure. Any witness shown Confidential Information during a hearing or trial in this litigation shall state under oath on the record, or shall execute an affidavit or declaration in the form attached as Exhibit A, that he or she has agreed to

be bound by this Order.

15.     Counsel for the parties will confer regarding procedures necessary to protect the Confidential Information used in the course of any hearing or trial whenever practicable, and the Court may issue any orders in connection therewith.  For example, the Court may direct that attendance at those portions of the hearing or trial, or access to the transcripts of those proceedings, in which Confidential Information is disclosed be restricted to only Qualified Persons.

## DISCLOSURE OF CONFIDENTIAL INFORMATION TO OTHER PERSONS

16.     Nothing herein shall prevent disclosure beyond the terms of this Order if each party and third-party designating the information as "Confidential" consents in writing to such disclosure in advance, or if the Court, after notice and an opportunity to object is provided to all affected parties, orders such disclosure. Nor shall anything herein preclude court officials, jurors, translators, or any certified reporter who is retained to transcribe depositions in this litigation from access to Confidential Information during judicial proceedings or depositions in this litigation.

## INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

17.     A party's inadvertent production of documents, information, or other materials in this action shall not in itself be deemed to waive any claim of attorney-client privilege, attorney work-product protection, or of any other protection that might exist with respect to such documents, information or other materials, or to any other documents or communications, written or oral, including, without limitation, other communications referred to in the documents produced.  In the event of such inadvertent production of any documents, information, or other materials, whether in hard copy or electronic format, the parties shall follow the procedures set

forth in their Agreed Order on ESI relating to the inadvertent production of privileged or otherwise protected documents, information, or other materials.

## INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION

18.     In the event of inadvertent production of "Confidential Information" to a person or entity that is not a Qualified Person, or to any other person permitted to view the Confidential Information under this Order, the party that inadvertently disclosed such Confidential Information shall promptly take all practical steps to retrieve the Confidential Information and prevent its further disclosure. The party that inadvertently disclosed the Confidential Information shall also promptly notify the party that designated the information as "Confidential" within seven (7) days of the inadvertent disclosure of the steps being taken to rectify the disclosure, including requiring any individual who received the Confidential Information in violation of this Order to execute an affidavit or declaration in the form attached as Exhibit A.

## CHALLENGES TO DESIGNATIONS

19.     A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time the designation is made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party disagrees at any stage of these proceedings with a "Confidential" designation by any party or third-party, or with the designation of any person as a Qualified Person, the parties or third-parties shall first try to resolve such dispute in good faith on an informal basis, such as by the production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Order by objecting in writing to the party or third-party that made the designation.  The party or third-party making such designation shall respond to any such objection within fourteen (14) days indicating whether it will agree to alter or withdraw the designation.  If the designating party does not agree to alter or withdraw the designation as requested, the challenging party shall be required to move the Court for an Order

to withdraw or alter the designation within ten (10) days of receipt of the designating party's refusal to withdraw or alter the designation as requested.

## FILING CONFIDENTIAL INFORMATION UNDER SEAL

20.     All Confidential Information, including, but not limited to, any Confidential Information contained in any transcripts of depositions, exhibits, answers to interrogatories, answers to requests for admissions, briefs and memoranda of law, filed with the Court shall be filed under seal.  If any party or third-party fails to file any Confidential Information under seal, the designating party or any other affected person may request that the Court place the filing under seal without waiver of any other remedy to the designating party or to the affected person and without releasing the filing party from liability for violating this Order.

## RETURN OF CONFIDENTIAL INFORMATION AFTER TERMINATION

21.     Within thirty (30) days after conclusion of this litigation and conclusion of any appeal thereof, all documents containing any Confidential Information produced by a party or third-party in this litigation, including all extracts or summaries of Confidential Information, shall be returned to the producing party or certified as having been destroyed by counsel for the receiving party, except to the extent that such information was used as evidence at trial or as this Court may otherwise order. The provisions of this Order that restrict the disclosure and use of Confidential Information shall be binding during this litigation and any appeal thereof and continue to be binding after conclusion of this litigation and conclusion of any appeal thereof. Notwithstanding the foregoing, nothing in this Order shall restrict or prevent (a) further use of Confidential Information contained in exhibits permitted by this Order to be filed publicly with the Court and not under seal, or (b) a party from seeking written permission of the designating party or order of the Court with respect to dissolution or modification of this Order.

## MISCELLANEOUS PROVISIONS

22.     Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Order.

23.     Nothing in this Order shall be construed to be an admission of relevance, discoverability, or admissibility or to affect in any way the admissibility of any documents, testimony, or other evidence in this litigation.  This Order is without prejudice to the right of any person to bring before the Court at any time the question of whether any particular document or information is discoverable or admissible.

24.     Nothing in this Order shall preclude any party from using its own Confidential Information in any way it sees fit, without prior consent of any party or the Court.  If a producing party knowingly discloses its own Confidential Information in a pleading filed in the Court's public record, or in a publication disseminated to the general public, the producing party shall be deemed thereby to have consented to the removal of that designation with respect to the information disclosed.

25.     The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying or seeking relief from this Order.

26.     The parties agree to be bound by the terms of this Order until such time as the Court rules thereon, and thereafter, the parties will be bound by the ruling of the Court.

**IT IS SO ORDERED**, this 30th day of October, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

Agreed to and submitted by:

| /s/ Matt Keil | /s/ Robert J. Tucker |
|---|---|
| Matt Keil | Mark A. Johnson (*pro hac vice*) |
| Arkansas Bar Number 86099 | mjohnson@bakerlaw.com |
| John C. Goodson | Rodger L. Eckelberry (*pro hac vice*) |
| Arkansas Bar Number 90018 | reckelberry@bakerlaw.com |
| Keil & Goodson P.A. | Robert J. Tucker (*pro hac vice*) |
| 406 Walnut Street | rtucker@bakerlaw.com |
| Texarkana, Arkansas 71854 | Andrew E. Samuels (*pro hac vice*) |
| Telephone: 870.772.4113 | asamuels@bakerlaw.com |
| Facsimile: 870.773.2967 | BakerHostetler |
| | 65 East State Street, Suite 2100 |
| Sean M. Handler | Columbus, OH 43215-4260 |
| Matt Mustokoff | Telephone: 614.228.1541 |
| Richard Russo | Facsimile: 614.462.2616 |
| Kessler Topaz Meltzer & Check, LLP | |
| 280 King of Prussia Road | W. Kelvin Wyrick (77149) |
| Radnor, PA 19087 | wyricklaw@cableone.net |
| Telephone:  610-667-7706 | 610 Laurel Street |
| Facsimile:  610-667-7056 | Texarkana, Arkansas  71854-5237 |
| | Telephone: 870.774.7525 |
| Tom Thompson | Facsimile: 870.772.1569 |
| Arkansas Bar Number 77133 | |
| Casey Castleberry | Counsel for Defendant American Modern |
| Arkansas Bar Number 2003109 | Home Insurance Company |
| Murphy, Thompson, Arnold, | |
| Skinner & Castleberry | |
| 1141 East Main Street, Suite 300 | |
| P.O. Box 2595 | |
| Batesville, AR 72503-2595 | |
| Telephone:  870.793.3821 | |
| Facsimile:  870. 793.3815 | |
| | |
| Richard E. Norman | |
| R. Martin Weber, Jr. | |
| Crowley Norman LLP | |
| Three Riverway | |
| Suite 1775 | |
| Houston, TX  77056 | |
| Telephone:  713-651-1771 | |
| Facsimile:  713-651-1775 | |

Stephen Engstrom
Arkansas Bar Number 74047
Wilson, Engstrom, Corum & Coulter
200 River Market Avenue, Suite 600
Post Office Box 71
Little Rock, Arkansas 72203
Telephone:  501.375.6453
Facsimile:  501.375.5914

George L. McWilliams
Arkansas Bar Number 68078
Law Office of George L. McWilliams, P.C.
406 Walnut Street
Texarkana, AR 71854
Telephone:  870-772-2055
Facsimile:  870-773-2967

Counsel for Plaintiff

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

PAMELA GREEN,

          Plaintiff,

   v.

AMERICAN MODERN HOME
INSURANCE COMPANY,

          Defendant.

Case No. 4:14-cv-04074-SOH

Judge Susan O. Hickey

## CERTIFICATE OF CONFIDENTIALITY

I hereby acknowledge that I am about to receive information designated as "Confidential" supplied in connection with the above referenced litigation. I have received and read a copy of the Stipulated Protective Order entered in this case.

I understand and agree to be bound by the terms of the Stipulated Protective Order, and I agree not to disclose or use this information except in accordance with the terms of the Stipulated Protective Order.  I will not copy or use the Confidential Information I am about to receive except for purposes of this litigation unless such information is or becomes public information in accordance with the terms of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the Court and understand that the Court may impose sanctions for any intentional violation of the Stipulated Protective Order.

I further agree that, upon termination of this litigation, or sooner if so requested, I will return to counsel all Confidential Information provided to me, including any copies and excerpts of such Confidential Information.

I understand that failure to abide by the terms of the Stipulated Protective Order may result in legal action against me.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

By: _____

Name: _____

Address: _____

Title: _____

_____

Present Occupation or Job Description

_____

_____

Employer: _____