IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAMELA GREEN and GARY
EDWARDS, individually and on
behalf of all others similarly
situated                                                                                           PLAINTIFFS

v.                                        Case No. 4:14-cv-4074

AMERICAN MODERN HOME
INSURANCE COMPANY, *et al.*                                                            DEFENDANTS

## ORDER

Before the Court is Plaintiffs' Agreed Motion for Preliminary Approval of Class Action Settlement. (ECF No. 79). Plaintiffs and Defendants[1] have agreed—subject to Court approval—to settle this litigation pursuant to the terms and conditions stated in the Stipulation of Settlement (the "Stipulation") filed with the Court on January 24, 2017. (ECF No. 79-1). On February 15, 2017, the Court held a hearing regarding the motion. The Court finds this matter ripe for consideration.

**IT IS HEREBY ORDERED THAT**:

1.      The Stipulation is incorporated by reference in this Order, and all terms defined in the Stipulation shall have the same meanings in this Order.

2.      The Stipulation and Proposed Settlement are preliminarily approved as fair, adequate, and reasonable, and Plaintiffs' motion for preliminary approval of the Proposed

---

[1] Plaintiffs' January 17, 2017 amended complaint added American Family Home Insurance Company, American Western Home Insurance Company, American Southern Home Insurance Company, American Modern Select Insurance Company, American Modern Insurance Group, Inc., American Modern Surplus Lines Insurance Company, and Consumer County Mutual Insurance Company (the "New Defendants") as additional defendants solely for the purposes of settlement.  All defendants will be collectively referred to as "American Modern" throughout this Order.

Settlement is hereby **GRANTED** in all material respects, subject to further consideration at the Final Approval Hearing.  However, the Court does find that the Stipulation must be amended in certain non-material respects, as specifically noted below.  Provisions of this Order that deviate from the terms of the Stipulation will be underlined.

3.      Contingent upon final approval of the Proposed Settlement, and pursuant to Federal Rule of Civil Procedure 23, Plaintiffs' motion for preliminary class certification is hereby **GRANTED**.  The following Settlement Class is conditionally certified for settlement purposes only:

> All Persons who had a Covered Loss in the state of Arkansas that occurred during the Class Period of April 11, 2009 through April 11, 2014, where the claim was paid at less than the limit of liability (accounting for deductible), and where American Modern made an ACV payment for Structural Loss that included a deduction for Labor Depreciation, or would have made an ACV payment for Structural Loss but for the deduction of Labor Depreciation.
>
> Excluded from the Class are:  (1) Persons who received indemnification payment(s) for full replacement cost; (2) claims that were open and still being actively adjusted as of April 11, 2014; (3) claims for which American Modern received an executed release during the Class Period; (4) American Modern and its officers and directors; (5) Members of the judiciary and their staff to whom this action is assigned; and (6) Class Counsel.
>
> "Class Period" means the period of April 11, 2009, through April 11, 2014, inclusive of those dates.

4.      Plaintiffs Pamela Green and Gary Edwards are preliminarily appointed as representatives of the Settlement Class ("Representative Plaintiffs"), and the Court preliminarily finds that the following attorneys for Plaintiffs satisfy the adequacy requirement of Federal Rule of Civil Procedure 23, and appoints such as counsel for the Settlement Class ("Class Counsel"):

| | |
|---|---|
| Matt Keil<br>John C. Goodson<br>**KEIL & GOODSON P.A.**<br>406 Walnut St.<br>Texarkana, Arkansas 71854 | Steven E. Vowell<br>William B. Putman<br>**TAYLOR LAW PARTNERS**<br>303 E. Millsap Road<br>P.O. Box 8310<br>Fayetteville, Arkansas 72703 |
| Richard Norman<br>R. Martin Weber, Jr.<br>**CROWLEY NORMAN LLP**<br>Three Riverway, Ste. 1775<br>Houston, Texas 77056 | A.F. "Tom" Thompson, III<br>Casey Castleberry<br>**MURPHY, THOMPSON, ARNOLD,**<br>  **SKINNER & CASTLEBERRY**<br>555 E. Main St., Suite 200<br>Batesville, Arkansas 72503 |
| James M. Pratt<br>**JAMES M. PRATT, JR. P.A.**<br>144 Washington St. NW<br>Camden, Arkansas 71701 | Jason E. Roselius<br>**MATTINGLY & ROSELIUS, PLLC**<br>13182 N. MacArthur Blvd.<br>Oklahoma City, Oklahoma 73142 |
| Matthew L. Mustokoff<br>Richard A. Russo, Jr.<br>**KESSLER TOPAZ MELTZER &**<br>  **CHECK, LLP**<br>280 King of Prussia Road<br>Radnor, PA 19087 | |

If final approval of the Proposed Settlement is not granted, or if the Stipulation is disapproved or modified in whole or in part by the Court, any appellate court, or any other court or review, or if the Settlement is terminated as provided in this Order or Paragraph 84 of the Stipulation, then this Order—including the preliminary certification of the Settlement Class and the preliminary appointment of the Representative Plaintiffs and Class Counsel—shall automatically be vacated *nunc pro tunc*; the Stipulation and this Order shall become null and void and be of no further force and effect and will not be used in the Action, or in any other proceeding for any purpose; all communications and documents related to the Settlement will be subjected to Federal Rule of Evidence 408 and all other applicable settlement, negotiation, and mediation privileges; the addition of the New Defendants as additional defendants to the Action shall be void *ab initio*,

3

and it will be as if the New Defendants were never parties to the Action; neither the Stipulation nor this Order shall be used or referred to for any purpose whatsoever; and the parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

5.    Garden City Group, Inc. (the "Administrator") shall serve as the third-party administrator of the Settlement in accordance with terms of the Stipulation.

6.    Pending the Court's final determination of whether the Proposed Settlement will be approved, the Court preliminarily enjoins all Class Members and their Legally Authorized Representatives, unless and until they have timely and properly excluded themselves from the Settlement Class, from (i) filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on or arising from the Released Claims; (ii) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction as a class action on behalf of any Class Members who have not timely excluded themselves, based on or arising from the Released Claims; and (iii) from attempting to effect an opt-out class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction arising from the Released Claims.  This injunction is necessary to protect and effectuate the Stipulation and the Settlement contemplated thereby, this Order, and the Court's flexibility and authority to effectuate the Stipulation and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

7.    The parties have prepared the Mailed Notice, Claim Form, Publication Notice, and Reminder Postcard, which have been submitted to the Court as Exhibits 2, 3, 4, and 6 to the

Stipulation. (ECF No. 51-1). The Court has reviewed and approves these forms. Counsel for the Parties, along with the Administrator, are authorized to complete any missing information and to make any non-substantive revisions to those documents that do not materially reduce the rights of the Class Members as necessary to fulfill the purposes of the Settlement.

       8.     No more than thirty (30) days after the date of entry of this Order, American Modern shall conduct a reasonable search of its records during the Class Period of Covered Losses and provide to the Administrator the following information, if reasonably available, for each person reasonably believed to be a potential Class Member: name, last known address, date of loss, policy number, and claim number for a Covered Loss.

       9.     The Administrator shall send a copy of the Mailed Notice and a Claim Form by first-class U.S. mail to each potential Class Member for whom American Modern has ascertained a name and address. Prior to mailing, the Administrator shall run the addresses one time through the National Change of Address database ("NCOA") in an attempt to obtain a current address for each potential Class Member.

      10.    Upon completion of the updating efforts, the Administrator shall use its best efforts to complete the mailing of the Mailed Notice and Claim Form to potential Class Members by first-class U.S. mail, postage prepaid, addressed to the last known addresses of potential Class Members maintained by American Modern and as updated by the Administrator, and bearing the return address of the Administrator, by March 24, 2017, which is sixty (60) days prior to the Final Approval Hearing. The Mailed Notice and Claim Form are approved as to form and content by the Court and shall be in the form and content attached to the Stipulation as Exhibits 2 and 3, without substantive alteration. Any substantive revision(s) to the Mailed Notice and Claim Form must be approved by the Court prior to mailing. The parties may informally inquire

of the Court if there is a question as to whether a revision is substantive.

11. If any Mailed Notice and Claim Form mailed to any potential Class Member is returned to the Administrator as undeliverable, the Administrator will promptly log such return as undeliverable and provide copies of the log to American Modern and Class Counsel as requested. If the mailing is returned to the Administrator with a forwarding address, the Administrator will forward the mailing to that address. For the remaining returned mailings, the Administrator will run the name and address one time through a single commercial database chosen by the Administrator, in an attempt to obtain a more current mailing address for each such returned Mailed Notice(s), which shall be forwarded to any new address obtained through such a search. No further efforts to locate or to find a more current address for Class Members as to any mailing returned a second time is required. The Mailed Notice and a blank Claim Form, along with a Spanish translation of both, will also be made available to all potential Class Members by request to the Administrator, who shall send via first-class U.S. mail any of these documents as requested by any potential Class Member.

12. The Court finds that the procedures set forth in the preceding paragraphs constitute reasonable and best notice practicable under the circumstances and an appropriate and sufficient effort to locate current addresses of Class Members such that no additional efforts shall be required. Upon request, American Modern and the Administrator shall provide Class Counsel such reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

13. In addition, on or before seven (7) days after the first date of mailing the Mailed Notices, the Administrator shall:

    a. Set up and maintain an automated toll-free interactive voice response ("IVP") phone number with script recordings of information about the

Settlement, utilizing the relevant portions of the language contained in the Mailed Notice and other information with the agreement of the Parties, along with an option permitting callers to leave messages in a voicemail box. The phone number shall remain open and accessible through the deadline for the Administrator's final accounting as described in paragraph 68 of the Stipulation. The Settlement Administrator shall make reasonable provisions for Class Counsel to be promptly advised of recorded messages left by persons in the Settlement Class concerning the Action or this Settlement.

b. Publish a notice ("Publication Notice") of the Settlement in the Arkansas Democrat-Gazette. The Publication Notice shall be published <u>once a week for two consecutive weeks</u> as selected by the Administrator, in a size of at least one-eighth of a page and in form and content substantially similar to that attached as Exhibit 4 to the Stipulation. Any substantive revision(s) of the Publication Notice agreed to by the Parties after entry of this Order must be approved by the Court prior to publication. The parties may informally inquire of the Court if there is a question as to whether a revision is considered to be substantive.

c. Establish a Settlement website that sets forth the applicable deadlines, contains relevant documents, and provides for the electronic submission of Claim Forms in lieu of returning mailing of the Claim Form. The content and form of the Settlement website shall be subject to the mutual approval of American Modern and Plaintiffs, but shall include the Stipulation and Exhibits, this Order, the Mailed Notice, a blank Claim Form, a Spanish translation of the Mailed Notice and blank Claim Form, and such other documents as Class Counsel and American Modern agree to post or that the Court orders posted on the website. The Uniform Resource Locator ("URL") of the Settlement website shall be www.GreenLaborDepreciationSettlement.com or such other URL as Class Counsel and American Modern may subsequently agree upon in writing. The Settlement website shall not include any advertising, and shall not bear or include any logos or trademarks of American Modern other than those appearing in the Stipulation. The Settlement website shall cease to operate and the Administrator shall remove all information from the website no later than the deadline for the Administrator's final accounting. Ownership of the Settlement website URL shall be transferred to American Modern within ten (10) days following the date on which operation of the Settlement website ceases.

14. Class Members will be provided an opportunity to submit Claim Forms in the form attached to the Stipulation as Exhibit 3, requesting Claim Settlement Payments in accordance with the terms of the Stipulation.

15. To be considered valid and timely, a Claim Form must be signed by or on behalf of Class Members, as provided in the Stipulation, materially complete, and (i) if in paper form, mailed to the address of the Administrator as specified in the Claim Form and postmarked by the deadline for submitting claims, which shall be July 10, 2017, which is forty-five (45) days after the Final Approval Hearing, or (ii) if submitted electronically via the Settlement website, be completed and submitted by midnight CST on July 10, 2017 ("Claim Submission Deadline").

16. On June 5, 2017, which is thirty-five (35) days prior to the Claim Submission Deadline, the Administrator shall also mail to each Class Member who has not filed a Claim Form a reminder postcard in the form attached to the Stipulation as Exhibit 6, with summary information regarding the Claim Submission Deadline, the Settlement website address, and sufficient information to enable the Class Member to submit a Claim Form via the Settlement website or to request a blank Claim Form.

17. The costs of providing notice and effectuating all other settlement administration services shall be borne by American Modern as agreed in the Stipulation.

18. The Court preliminarily finds that dissemination of the Mailed Notice under the terms and in the format provided for in this Order, together with the establishment of an automated toll-free IVP telephone number, Settlement Website, and publication of the Publication Notice as discussed above, constitute the best notice practicable under the circumstances, are reasonably calculated to apprise Class Members of the pendency of the Action, the terms of the Proposed Settlement, and of their right to object or opt-out of the Proposed Settlement; are due, adequate, and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfy the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Arkansas and United States Constitutions, and the

requirements of any other applicable rules or law.

19. The Court will hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement at 9:00 a.m., May 24, 2017, at the United States Courthouse, Texarkana, Arkansas. This date shall be set forth in the Mailed Notice. During the Final Approval Hearing, the Court will consider and determine:

    a. Whether the Proposed Settlement should be finally approved by the Court as fair, reasonable, and adequate, and if so, whether to incorporate the Stipulation as the judgment of the Court that shall be binding on all Class Members who have not timely requested exclusion from the Settlement Class;

    b. Whether to confirm certification of the Settlement Class for settlement purposes only and whether the requirements of Federal Rule of Civil Procedure 23 have been met for purposes of certifying the Settlement Class;

    c. Whether notice to potential Class Members, in the form and manner described in this Order and the Stipulation, has been accomplished as directed, and whether such notice satisfies the requirements of Federal Rule of Civil Procedure 23 and due process as being the best notice practicable under the circumstances to all persons entitled thereto;

    d. Whether and in what amount Class Counsel shall be awarded attorneys' fees and expenses, as specified in the Stipulation;

    e. Whether and in what amount incentive compensation shall be awarded to the Representative Plaintiffs; and

    f. Objections, if any, made to the Proposed Settlement or any of its terms.

Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by the Court without further notice to the members of the Settlement Class. A rescheduled date for the Final Approval Hearing will be posted on the Settlement website.

20. Class Members who wish to exclude themselves from the Settlement Class must submit a written request for exclusion. To be effective, an exclusion request must include the Class Member's name and address; a clear and unequivocal statement that the Class Member

wishes to be excluded from the Settlement Class; and the signature of the Class Member or, in the case of a Class Member who is deceased or incapacitated, the signature of the Legally Authorized Representative of the Class Member, with written proof of such authority. The exclusion request must be mailed to the Administrator at the address provided in the Mailed Notice and must be postmarked no later than twenty (20) days prior to the Final Approval Hearing. The Court, in its discretion, may allow requests for exclusion not made in full, technical compliance with this Order upon a showing of good cause for failure to comply, but in no event will a request for exclusion be considered if mailed on or after the Final Approval Hearing.

21. The right to be excluded from the Settlement Class must be exercised individually by a Class Member, not as a member of a group or class of persons and, except in the case of a Legally Authorized Representative on behalf of a deceased or incapacitated Class Member, not by another person acting or purporting to act in a representative capacity.

22. Potential Class Members who submit timely and valid requests for exclusion in the manner set forth in the Mailed Notice and the Stipulation shall be excluded from the Settlement Class. Class Members who exclude themselves from the Settlement Class will have no rights under the Proposed Settlement, shall not share in any distribution of funds under the Proposed Settlement, and shall not be bound by the Proposed Settlement or any final judgment approving the Proposed Settlement.

23. All Class Members who do not request exclusion in the manner set forth in the Class Notice and the Stipulation shall be bound by any final judgment entered pursuant to the Stipulation, and shall be barred and enjoined, now and in the future, from asserting any Released Claims against any Released Persons, as defined in the Stipulation. Upon entry of a final

judgment approving the Proposed Settlement, all Class Members shall be conclusively deemed to have fully and finally released all of the Released Persons from any and all Released Claims.

24. Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Class Members who choose to object to the Proposed Settlement ("Objector") may file a written objection, as described below. Any Class Member may appear at the Final Approval Hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness, and adequacy of the Proposed Settlement, and on the application for an award of attorneys' fees and costs. The right to object to the Proposed Settlement must be exercised individually by a Class Member, not as a member or representative of a group or subclass, except in the case of a Legally Authorized Representative on behalf of a deceased or incapacitated Class Member. To be considered, the written notice of intent to object to the Proposed Settlement should:

 a. Contain a heading which includes the name of the case and case number of this Action;

 b. Provide the Objector's name, address, telephone number, and signature;

 c. Indicate the specific reasons why the Objector objects to the Proposed Settlement;

 d. Be filed with the Clerk of Court no later than twenty (20) days prior to the Final Approval Hearing;

 e. Be sent to the Administrator by first-class mail, and postmarked no later than twenty (20) days prior to the Final Approval Hearing;

 f. Contain the name, address, bar number, and telephone of the Objector's counsel, if represented by an attorney; and

 g. State whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel.

In addition, an objection should contain the following additional information if the Objector or his/her attorney requests permission to speak at the Final Approval Hearing:

      i.      A detailed statement of the specific legal and factual basis for each and every objection;

      ii.      A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, along with the address of each witness and a summary of his/her proposed testimony;

      iii.      A detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing; and

      iv.      Documentary proof of membership in the Settlement Class.

<u>An Objector who does not include the above information in his/her objections will likely be limited in speaking and presenting evidence or testimony at the Final Approval Hearing and may be prevented from doing so entirely.</u>

25. Any Class Member who does not file timely notice of intent to object waives the right to object or to be heard at the Final Approval Hearing and is barred from objecting to the Proposed Settlement. However, the Court retains discretion to hear objections absent full, technical compliance with this Order upon a showing of good cause for failure to comply.

26. Class Members who object to the Proposed Settlement shall remain Class Members, and will have voluntarily waived their right to pursue an independent remedy against American Modern, and will have released the Released Parties of all Released Claims upon final judgment. Class Members can avoid being bound by any judgment of the Court by excluding themselves from the Settlement under the terms of the Stipulation and this Order.

27. The Administrator shall give American Modern and Class Counsel a copy of each notice of intent to object received by the Administrator upon receipt.

28. On or before May 12, 2017, Class Counsel shall file with the Court and serve upon American Modern's counsel a motion seeking the Court's final approval of the Proposed Settlement and Stipulation and entry of the final judgment in the form and content attached to the

Stipulation as Exhibit 5.  <u>American Modern, in its sole discretion, may also file a brief in support of final approval of the Proposed Settlement.  On or before May 19, 2017, Class Counsel shall file with the Court and serve upon American Modern's counsel</u> a declaration from the Administrator confirming dissemination of the Mailed notice, establishment of an automatic toll-free IVR phone system, establishment of the Settlement website, and posting of the Publication Notice in accordance with the terms of this Order.  The declaration will also list the names of Class Members who have timely excluded themselves from the Settlement Class, the number of returned Mailed Notices, and the names of Objectors.

29. <u>The parties are directed to amend the Stipulation and reflect the modifications noted in this Order.  A finalized, amended Stipulation must be presented to the Court for approval by no later than March 7, 2017.  Once the Court has approved the amended Stipulation, no additional amendments may be made without prior approval of the Court.</u>

30. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order or in the Stipulation, or the date and/or time of the Final Approval Hearing, without further notice to the Settlement Class.

31. Except for proceedings in furtherance of the Proposed Settlement, this action is stayed pending further order from the Court.

**IT IS SO ORDERED**, this 28th day of February, 2017.

> /s/ Susan O. Hickey
> Susan O. Hickey
> United States District Judge

13