IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAMELA GREEN and GARY
EDWARDS, individually and on
behalf of all others similarly
situated                                                                                      PLAINTIFFS

v.                                      Case No. 4:14-cv-4074

AMERICAN MODERN HOME
INSURANCE COMPANY, *et al.*                                                       DEFENDANTS

# FINAL ORDER AND JUDGMENT

Before the Court is Plaintiffs' Motion for Final Approval of Class Action and Entry of Final Order and Judgment ("Motion for Final Approval"). (ECF No. 86). Also before the Court is Class Counsel's Motion for Attorneys' Fees and Costs Related to the Stipulation of Settlement and Request for Fee Award to Class Representatives ("Class Counsel's Application for Fees"). (ECF No. 88). Plaintiffs and Defendants have agreed—subject to Court approval—to settle this litigation pursuant to the terms and conditions stated in the Amended Stipulation of Settlement filed with the Court on February 28, 2017. (ECF No. 84). On May 24, 2017, the Court held a final approval hearing on the motions. The Court finds the matter ripe for consideration.

## I. BACKGROUND

1.  Plaintiffs filed an Amended Complaint in this Action alleging that American Modern Home Insurance Company, American Family Home Insurance Company, American Western Home Insurance Company, American Southern Home Insurance Company, American Modern Select Insurance Company, American Modern Surplus Lines Insurance Company, Consumers County Mutual Insurance Company, and American Modern Insurance Group, Inc.

(collectively, "American Modern") violated applicable law and breached their contracts with insureds by wrongfully depreciating the cost of labor when resolving structural damage claims in the State of Arkansas. American Modern has maintained throughout this Action that they have at all times paid claims when reasonable and appropriate to do so and have consistently acted in accordance with the governing laws and regulations of Arkansas and each State in which they do business.

2. After litigation between the parties and arms-length negotiations between Class Counsel and counsel for American Modern, the parties have reached a settlement that provides substantial benefits to a Settlement Class, in return for a release and dismissal of claims against American Modern. The Settlement was reached after the Parties engaged in extensive and lengthy negotiations and mediation before the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. Class Counsel was therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of law and fact.

3. Plaintiffs and American Modern executed a Stipulation of Settlement and exhibits thereto dated January 23, 2017, which was filed with the Court along with a motion for preliminary approval of the Proposed Settlement on January 24, 2017.

4. On February 15, 2017, the Court held a hearing to consider preliminary approval of the Proposed Settlement.

5. Plaintiffs and American Modern executed an Amended Stipulation of Settlement ("Stipulation" or "Stipulation of Settlement") dated February 28, 2017, which was filed with the Court the same day.

6. On February 28, 2017, the Court, entered an Order Preliminarily Approving Class Settlement ("Preliminary Approval Order"), preliminarily approving the Stipulation, preliminarily certifying the Settlement Class for settlement purposes only, and scheduling a hearing for May 24, 2017 at 9:00 a.m. to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order and the Stipulation ("Final Approval Hearing").

7. As part of its Preliminary Approval Order, the Court preliminarily certified for settlement purposes only a Settlement Class (hereinafter, "Settlement Class") defined as follows:

> All Persons who had a Covered Loss in the state of Arkansas that occurred during the Class Period of April 11, 2009 through April 11, 2014, where the claim was paid at less than the limit of liability (accounting for deductible), and where American Modern made an ACV payment for Structural Loss that included a deduction for Labor Depreciation, or would have made an ACV payment for Structural Loss but for the deduction of Labor Depreciation.
>
> Excluded from the Settlement Class are:
>
> (1) Persons who received indemnification payment(s) for full replacement cost;
> (2) Claims that were open and still being actively adjusted as of April 11, 2014;
> (3) Claims for which American Modern received an executed release during the Class Period;
> (4) American Modern and its officers and directors;
> (5) Members of the judiciary and their staff to whom this action is assigned; and
> (6) Class Counsel.
>
> "Covered Loss" means a first party insurance claim for Structural Loss, as defined below, that (a) occurred during the Class Period, (b) American Modern or a court of competent jurisdiction determined to be a covered loss under an Arkansas homeowners insurance policy issued by American Modern, and (c) resulted in an indemnity payment for Structural Loss by American Modern, or would have resulted in an indemnity payment for Structural Loss but for the deduction of labor Depreciation.
>
> "Class Period" means the period of April 11, 2009, through April 11, 2014, inclusive of those dates.

By doing so, the Court also preliminarily modified the litigation class previously certified by the Court in its August 24, 2016 order, to conform with the definition of the Settlement Class.

8. As part of the Preliminary Approval Order, this Court approved a proposed Mailed Notice in the form attached to the Stipulation as Exhibit "2", which provided Class Members with detailed notice of and information about the Proposed Settlement and Stipulation. In accordance with the Stipulation, the Mailed Notice also explained the opportunity for Class Members to file objections to the Proposed Settlement and the process by which Class Members could exclude themselves from the Settlement Class. The Court also approved published notice of the Settlement in the Arkansas Democrat-Gazette (the "Publication Notice"), in the form attached to the Stipulation of Settlement as Exhibit "4", which further provided Class Members with information about the Proposed Settlement.

9. Also as part of the Preliminary Approval Order, this Court approved the establishment of an automated toll-free interactive voice response phone number and a Settlement website, to provide further notice and information to and answer questions of Class Members concerning the Settlement.

10. The Court ordered that the Mailed Notice and Claim Form, in the forms attached to the Stipulation of Settlement as Exhibits "2" and "3", be mailed by Garden City Group, Inc. (the "Administrator"), who was retained as the independent third-party settlement administrator for the Proposed Settlement, by first-class mail, postage prepaid, on or before March 24, 2017 (the "Notice Mailing Date") to all Persons reasonably believed to be potential Class Members whose names and last known addresses were ascertained by American Modern through a reasonable search and inquiry of its records of claims for Covered Losses during the Class Period, with updates of those addresses by the Administrator as described in the Stipulation.

11. On May 12, 2017, Plaintiffs moved the Court for Final Approval of the terms of the Proposed Settlement and for the entry of this Final Judgment, with an Amended version filed on May 15, 2017. In support of the Motion for Final Approval, Plaintiffs submitted, among other things, evidence concerning the dissemination and adequacy of the Mailed Notice and Claim Form, evidence reflecting publication of the Publication Notice and establishment of an automated toll-free interactive voice response phone number and a Settlement website, evidence regarding the names of potential Class Members who timely submitted requests for exclusion from the Settlement Class, evidence regarding the negotiation of the Stipulation, evidence regarding the fairness, reasonableness, and adequacy of the terms of the Stipulation, and evidence regarding the fairness, reasonableness and adequacy of Class Counsel's Application for Fees. In further support of the Motion for Final Approval, Plaintiffs submitted a Brief in Support of Motion for Final Approval, setting forth extensive argument and authority along with various exhibits attached thereto. Likewise, Class Counsel's Application for Fees contained both extensive argument and supporting authority.

12. In accordance with the Preliminary Approval Order, the Court held the Final Approval Hearing on May 24, 2017, in Texarkana, Arkansas.

13. At the Final Approval Hearing, Plaintiffs offered the following evidence in support of the Motion for Final Approval and Class Counsel's Application for Fees:

| **Exhibit No.** | **Description** |
|---|---|
| 1 | DECLARATION OF MATT KEIL |
| 2 | DECLARATION OF PAMELA GREEN |
| 3 | DECLARATION OF GARY EDWARDS |
| 4 | DECLARATION OF JOSE C. FRAGA |

14. On May 19, 2017, Class Counsel filed with the Court the declaration of Jose Fraga, the Administrator's senior director of operations. Mr. Fraga declared that the initial mailing of the Court-approved Mailed Notice was completed on March 24, 2017. The Mailed Notice, along with a Claim Form, was mailed via First Class United States mail to 14,482 potential Class Members after updating addresses through the National Change of Address database. The Administrator received a return of 1,872 Mailed Notices as undeliverable and without forwarding addresses. These addresses were updated through a commercial database and returned Mailed Notices and Claim Forms were re-mailed to the more current address. After remailing with updated addresses, a total of 832 Mailed Notices remain undeliverable. The Court finds that the percentage of Mailed Notices that were returned a second time without forwarding addresses (approximately 5.745%) is reasonable. As of May 17, 2017, the Administrator had received four valid and timely Requests for Exclusion and the Court had received zero objections to the Stipulation of Settlement. No objections were made at the Final Approval Hearing.

15. Plaintiffs and the Administrator have satisfactorily demonstrated that the Mailed Notice and a Claim Form were mailed, that the Publication Notice was published, and that an automated toll-free interactive voice response phone number and a Settlement website were established, in accordance with the Stipulation and Preliminary Approval Order.

16. The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that American Modern has fully complied with the notice requirements under that Act.

17. The Settlement provides substantial monetary benefits to Class Members who timely submit completed and signed Claim Forms. The potential monetary liability of American

Modern for settlement payments to Class Members who timely submit eligible Claim Forms; Class Counsel's attorneys' fees, costs, and expenses; and Court-approved incentive awards to the Class Representatives is reasonably estimated to be $3,281,795.00. In addition, American Modern has agreed to fund the costs of notice and settlement administration. The claims procedure established under the Stipulation is uniform and fair, and provides Class Members with an extended and ample opportunity to receive settlement payments as described in the Stipulation.

18. All Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Mailed Notice and Publication Notice. The Court finds that the individual interests of those Class Members who timely sought exclusion from the Settlement Class are preserved and that no Class Member was precluded from being excluded from the Settlement Class if he or she so desired. Those Class Members who timely and properly excluded themselves from the Settlement Class are identified in the attached Exhibit "1."

19. Class Members who did not timely file and serve an objection in writing to the Stipulation, to the entry of this Final Judgment, or to Class Counsel's Application for Fees, in accordance with the procedure set forth in the Mailed Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

20. At the Final Approval Hearing, the Court considered, among other matters described herein, (a) whether certification of the Settlement Class for settlement purposes only is appropriate under Rule 23; (b) the fairness, reasonableness, and the adequacy of the Stipulation; and (c) the fairness and reasonableness of Class Counsel's Application for Fees under applicable

law. The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and American Modern, but also rigorously and independently evaluated the Stipulation and Class Counsel's Application for Fees on behalf of Class Members, and as such, the Court considered arguments that could reasonably be made against approval of the Stipulation and Class Counsel's Application for Fees even if such arguments were not actually presented to the Court by pleading or oral argument.

21. In light of the matters presented in this Action and the provisions of the Stipulation, the Court finds that the Proposed Settlement is a fair, reasonable, and adequate compromise of the claims against American Modern, pursuant to Rule 23 of the Federal Rules of Civil Procedure. In considering a number of factors, the Court finds that:

    a. The liability issues in this Action and the suitability of this Action for certification of a litigation class have been vigorously contested, particularly with respect to litigation manageability requirements;

    b. This Proposed Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties;

    c. The Proposed Settlement is clearly a byproduct of adversary litigation between the Parties, and not a result of any collusion on the part of Class Counsel and American Modern; and

    d. Class Counsel's request for an award of reasonable fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Stipulation.

## II.  CONCLUSIONS OF LAW

1. This Court has personal jurisdiction over the Plaintiffs, American Modern, and members of the Settlement Class, venue is proper, and the Court has subject matter jurisdiction to approve the Stipulation, including all exhibits thereto, and to enter this Final Judgment.

2. The Court concludes that, for settlement purposes only, the Settlement Class meets all the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable rules and law.  Therefore, the Settlement Class as defined above is certified as a settlement class action, for settlement purposes only.  The Court's August 24, 2016 order (ECF No. 68), in which the Court certified a litigation class in this Action, is hereby vacated to conform with this Final Judgment, including the definition of the Settlement Class and the terms and conditions of the Stipulation.  Class Members are ascertainable by an objective standard and are too numerous to be joined, and questions of law and fact are common to all Settlement Class Members, as required by Rule 23(a)(1) and (2).  Moreover, the common questions of law and fact predominate over any questions affecting only individual members, and a class action is the superior method to fairly and efficiently adjudicate the controversy, as required by Rule 23(b)(3).  The Class Representatives' claims are typical of those of the Settlement Class, as required by Rule 23(a)(3).  The Representative Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement, as required by Rule 23(a)(4), and Class Counsel meets the standard for appointment set forth in Rule 23(g)(1) and (4).

3. The Stipulation provides for the settlement of this Action with American Modern by the Representative Plaintiffs on behalf of the members of the Settlement Class.  The

Stipulation provides that, in exchange for the releases described in the Stipulation and this Final Judgment, American Modern will provide substantial consideration to the Settlement Class, as described in the Stipulation.

4. Class Counsel and the Administrator have provided evidence that the Mailed Notices were disseminated and Publication Notice published in accordance with the Preliminary Approval Order and Stipulation, all of which informed Class Members of the terms of the Proposed Settlement, of their opportunity to request exclusion from the Settlement Class, and of their opportunity to object to the terms of the Stipulation.

5. Based on the Court's review of the evidence admitted and arguments of counsel, the Court finds and concludes the Mailed Notice and Claim Form were mailed to potential members of the Settlement Class in accordance with provisions of the Preliminary Approval Order, and together with the Publication Notice, the automated toll-free interactive voice response phone number, and the Settlement website, such notice campaign: (i) constituted the best notice practicable; (ii) was reasonably calculated to apprise potential members of the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the Proposed Settlement and to appear at the Final Approval Hearing, and their right to seek monetary relief under the Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of the Federal Rules of Civil Procedure and the requirements of due process under the Arkansas and United States Constitutions, and requirements of any other applicable rules or law. The Court further finds that the notice campaign undertaken concisely and clearly states in plain, easily understood language:

    a. the nature of the action;

  b.  the definition of the class certified;

  c.  the class claims, issues, or defenses;

  d.  that a Class Member may object to the settlement;

  e.  that a Class Member may enter an appearance and be heard at the Final Approval Hearing in person or through counsel;

  f.  that the Court will exclude from the Settlement Class any member who timely requests exclusion, stating when and how members may elect to be excluded;

  g.  the date and time of the Final Approval Hearing; and

  h.  the binding effect of a Final Judgment on Class Members.

6. Having admitted and reviewed the evidence at the Final Approval Hearing concerning the success of the notice campaign, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to Class Members who had an earlier opportunity to request exclusion, but did not do so.

7. The Court finds that the Final Approval Hearing and the evidence before the Court clearly support a finding that the Stipulation was entered into in good faith after arms-length negotiations between the Plaintiffs and American Modern.

8. The Court finds that approval of the Stipulation and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants, and will further the interests of justice. Further, the Court finds that the Stipulation is fair, reasonable, and adequate as to, and in the best interests of, members of the Settlement Class, based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

9. The settlement of the Action on the terms, conditions, and limitations set forth in the Stipulation is approved and confirmed in all respects as fair, reasonable, and adequate and in

the best interests of the Settlement Class and Class Members, especially in light of the benefits made available to the Settlement Class and the costs and risks associated with the continued prosecution, trial, and possible further appeal of this complex litigation.

10. A review of the following factors supports a finding that the Settlement is fair, reasonable, and adequate:

    a.    The strength of the case for the plaintiffs on the merits, balanced against the amount offered in the Settlement;

    b.    The defendant's overall financial condition and ability to pay;

    c.    The complexity, length and expense of further litigation; and

    d.    The amount of opposition to the Settlement.

*Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988) (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 124 (8th Cir. 1975)).

11. Although the notice campaign was highly successful and resulted in notice being mailed to over 13,650 potential Class Members, only four Persons excluded themselves from the Settlement Class, and no Class Members filed objections to the Stipulation of Settlement. The minimal number of exclusion requests and no opposition to a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

12. The claim process as set forth in the Stipulation is fair, reasonable, and adequate to Class Members. Any Class Member who did not timely request exclusion from the Settlement Class in accordance with the Stipulation is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

13. Class Counsel's requests for $820,448.66 in attorneys' fees and expenses and Class Representatives' incentive award of $5,000.00 to each Class Representative, to be paid by American Modern, are fair, reasonable, and adequate, based on a review of the following factors:

a. The time and labor required;

b. The novelty and difficulty of the questions;

c. The skill requisite to perform the legal service properly;

d. The preclusion of other employment by the attorney due to acceptance of the case;

e. The customary fee for similar work in the community;

f. Whether the fee is fixed or contingent;

g. Time limitations imposed by the client or the circumstances;

h. The amount involved and the results obtained;

i. The experience, reputation, and ability of the attorneys;

j. The undesirability of the case;

k. The nature and length of the professional relationship with the client; and

l. Awards in similar cases.

*See In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 993 (D. Minn. 2005) (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 719-20 (5th Cir. 1974)); *see also Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718-19 (1990) (utilizing a similar multi-factor test in considering whether to award attorneys' fees).

**IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, final certification of the Settlement Class is confirmed for the purpose of the Settlement, in accordance with the Stipulation.

2. Timely Requests for Exclusion were submitted by four potential members of the Settlement Class and those potential Class Members (identified in Exhibit "1" hereto) are excluded from the Settlement Class. All other members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Judgment and by the Stipulation

and the Settlement embodied therein, including the releases provided for in the Stipulation and this Final Judgment.

3. Plaintiffs' Motion for Final Approval (ECF No. 86) is hereby **GRANTED** and all provisions and terms of the Stipulation are hereby finally approved in all respects. The parties to the Stipulation are hereby directed to implement and consummate the Stipulation in accordance with its terms, as may be modified by subsequent orders of this Court.

4. This Final Judgment shall be immediately entered as to all claims in the Action between Representative Plaintiffs and Class Members and American Modern, and Final Judgment is entered approving and adopting all terms and conditions of the Settlement and the Stipulation, fully and finally terminating all claims of the Representative Plaintiffs and the Settlement Class in this Action against American Modern, on the merits and with prejudice without leave to amend. The Court expressly determines that there is no just reason for delay in entering this Final Judgment.

5. Pursuant to Rule 23(a) and (g), Plaintiffs Pamela Green and Gary Edwards are appointed as the representatives of the Settlement Class, and the following Class Counsel are appointed as counsel for the Settlement Class:

|  |  |
|---|---|
| Matt Keil<br>John C. Goodson<br>**KEIL & GOODSON P.A.**<br>406 Walnut St.<br>Texarkana, Arkansas 71854 | Steven E. Vowell<br>William B. Putman<br>**TAYLOR LAW PARTNERS**<br>303 E. Millsap Road<br>P.O. Box 8310<br>Fayetteville, Arkansas 72703 |
| Richard E. Norman<br>R. Martin Weber, Jr.<br>**CROWLEY NORMAN LLP**<br>Three Riverway, Ste. 1775<br>Houston, Texas 77056 | A.F. "Tom" Thompson, III<br>Kenneth P. "Casey" Castleberry<br>**MURPHY, THOMPSON, ARNOLD,**<br>   **SKINNER & CASTLEBERRY**<br>Post Office Box 2595<br>Batesville, Arkansas 72503 |

| | |
|---|---|
| Jamie Pratt<br>**JAMES M. PRATT, JR. P.A.**<br>144 Washington St. NW<br>Camden, Arkansas 71701 | Jason E. Roselius<br>**MATTINGLY & ROSELIUS, PLLC**<br>13182 N. MacArthur Blvd.<br>Oklahoma City, Oklahoma 73142 |

Matthew L. Mustokoff
Richard A. Russo, Jr.
**KESSLER TOPAZ MELTZER &
   CHECK, LLP**
280 King of Prussia Road
Radnor, Pennsylvania 19087

6. Upon the entry of this Final Judgment, the Representative Plaintiffs, all Class Members who did not timely and properly exclude themselves from the Settlement Class, and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Judgment and shall be conclusively deemed to have fully released, acquitted and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined herein and in the Stipulation, and shall be conclusively bound by this Final Judgment under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue any Released Persons with respect to any Released Claims. The Representative Plaintiffs and all Class Members who did not timely and properly exclude themselves from the Settlement Class shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are a material element of the Stipulation. The Stipulation shall be the exclusive remedy for all Class Members with regards to Released Claims.

7. Although the definitions in the Stipulation are incorporated in and a part of this Final Judgment, the following definitions from the Stipulation are repeated for ease of reference:

a. "Released Claims" means and includes any and all known claims and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, that any of the Representative Plaintiffs or Class Members have or may have had against any of the Released Persons, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and punitive or exemplary damages), and whether arising under or based on contract, extra-contractual or tort theories, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation, arising from or in any way related to: (i) Labor Depreciation (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Labor Depreciation) in the adjustment and/or payment of any Covered Loss; (ii) any and all claims that were or could have been brought pertaining to the calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Labor Depreciation in the adjustment and/or payment of any Covered Loss, to the extent related to or based on Labor Depreciation; (iii) the allegations and claims contained in any complaint or amended complaint in this Action and/or in the Edwards case; and (iv) any alleged conspiracy in connection with the matters described in subparagraphs (i) – (iii). However, Released Claims do not include any claim for enforcement of the Stipulation and/or this Final Judgment.

b. "Released Persons" means, individually and collectively, (i) American Modern Home Insurance Company, American Family Home Insurance Company, American Western Home Insurance Company, American Southern Home Insurance Company, American Modern Select Insurance Company, American Modern Surplus Lines Insurance Company, Consumers County Mutual Insurance Company, and American Modern Insurance Group, Inc., and all third party appraisers and claim processing agents and servicers acting for and contracting with those entities; and (ii) all of the past and present subsidiaries, parents, affiliates, successors and predecessors in interest, assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, agents, managing agents, employees, attorneys, auditors, accountants, brokers, surplus lines brokers, underwriters, advisers, insurers, co-insurers, re-insurers, consultants, vendors, independent contractors, and legal representatives of the entities and persons listed in subparagraph (i).

c. "Unknown Claim" means any claim arising out of newly discovered facts and/or facts found hereafter to be other than or different from the facts now believed to be true, and without regard to subsequent changes in the law.

d. "Depreciation" means an estimated amount subtracted from replacement cost value to calculate actual cash value in making an ACV Payment, reflecting the age, condition, wear and tear and/or obsolescence of item(s) of property that have been damaged

e. "Labor Depreciation" means Depreciation representing labor costs, and not materials, equipment, or other non-labor items, and that is subtracted from

replacement cost value to calculate actual cash value in making an ACV Payment.

f. "ACV Payment" means an actual cash value payment made on an insurance claim for a Structural Loss, calculated by estimating the replacement cost value of the covered damage, and subtracting estimated Depreciation, including Labor Depreciation, and any applicable deductible.

g. "Structural Loss" means physical loss or physical damage to a home, building, manufactured home, condo, farm/ranch, rental dwelling, or other structure in the State of Arkansas while covered by a homeowners insurance policy issued by American Modern.

8. In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Judgment, the Court permanently and forever bars and enjoins Representative Plaintiffs, all Class Members, and anyone acting or purporting to act on their behalf, from filing, commencing, prosecuting, intervening in, maintaining, or participating in (as parties or class members) any action in any federal or state court or before any other tribunal or forum of any kind, asserting any Released Claims against American Modern or any of the Released Persons, except as necessary for this Court to enforce the terms of the Stipulation. Any person who knowingly violates this injunction will be liable for the costs and attorneys' fees incurred by American Modern or any of the Released Persons as a result of such violation.

9. This Final Judgment, the Stipulation, the negotiations of the Settlement, Settlement procedures, any act, statement or document related in any way to the Settlement negotiations or settlement procedures, and any pleadings, or other document or action related in any way to the Stipulation shall not be: (a) construed as an admission or concession by

American Modern of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of American Modern; (b) offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of American Modern, or that this Action may properly be maintained as a litigation or arbitration class action; (c) offered into evidence in the Action or in any other case or proceeding in support of or in opposition to a motion to certify a contested class against American Modern; or (d) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class against American Modern.

10. This Final Judgment and the Stipulation may be filed in any other action against or by any Released Persons in order to support any argument, defense, or counterclaim, including but not limited to those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

11. Proprietary Information of American Modern shall be protected from disclosure and handled in accordance with the terms of the Stipulation, and Class Counsel and other attorneys for Representative Plaintiffs in this Action shall destroy or return all Proprietary Information in their possession, custody, or control as set forth in the Stipulation.

12. Class Counsel's Application for Fees (ECF No. 88) is hereby **GRANTED**. Pursuant to Rule 23(h), the Court awards Class Counsel the total sum of $820,448.66 in attorneys' fees and costs. In addition, the Court awards each Representative Plaintiff an incentive award of $5,000.00. The Court hereby finds that these amounts are fair and reasonable. American Modern shall pay such fees to Class Counsel and awards to the

Representative Plaintiffs pursuant to the terms of the Stipulation. American Modern shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

13. Payments to eligible Class Members who timely file Claim Forms shall be made in the amounts, within the time periods, and in the manner described in the Stipulation.

14. The Court appoints B.J. Joplin of Gibson & Associates as the Neutral Evaluator to carry out the duties and responsibilities set forth in the Stipulation. Neither Representative Plaintiffs, Class Counsel, nor American Modern or its counsel shall be liable for any act or omission of the Neutral Evaluator.

15. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Stipulation.

16. This Action is hereby **DISMISSED WITH PREJUDICE** in its entirety on the merits, without leave to amend, and without fees or costs to any Party except as otherwise provided herein.

17. Without in any way affecting the finality of this Final Judgment, this Court shall retain exclusive continuing jurisdiction over this Action for purposes of:

    a. Enforcing the Stipulation and the Settlement;

    b. Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

    c. Any other matters related or ancillary to any of the foregoing.

**IT IS SO ORDERED**, this 1st day of June, 2017.

                                      /s/ Susan O. Hickey
                                      Susan O. Hickey
                                      United States District Judge